■ BLANCHE SIEKIERSKI et al., Appellants, v. RALPH J. DERLETH et al., Respondents.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The plaintiff wife was a passenger in an automobile owned by the plaintiff husband and operated by their 18-year-old daughter, one of the defendants. This vehicle collided with an automobile owned and operated by the defendant Derleth at a street intersection. The plaintiff wife sought recovery for personal injuries and plaintiff husband sought recovery for the loss of his wife's services and for medical expenses and also for damages to the automobile. A verdict of no cause of action was returned with respect to both plaintiffs in favor of both defendants. The verdict is sought to be justified by both defendants upon the ground that the plaintiff wife was guilty of contributory negligence as a passenger and the verdict in favor of the defendant daughter is sought to be justified upon the additional ground that she was an unemancipated minor against whom her mother could not maintain an action for personal injuries. These questions were submitted to the jury as questions of fact. If the jury's verdict was based upon either of the grounds referred to, it was, in our opinion, against the weight of the evidence. In the absence of support in the evidence for a finding of contributory negligence or a finding that the daughter was unemancipated, the jury's verdict can be explained only upon the theory of an unavoidable accident or, technically, a finding that the plaintiffs had failed to prove that either defendant was negligent. Such a finding would be untenable under the proof in this case. The judgment entered upon the verdict of no cause of action must therefore be reversed. An additional point should be noted with respect to the claim of the plaintiff husband for damage to his automobile. Even if the plaintiff wife were guilty of contributory negligence as a passenger, which would bar the recovery by the plaintiff husband

on his derivative cause of action, it would not bar his recovery for damage: to his automobile. The plaintiff husband would not be chargeable with the contributory negligence of his wife, nor would he be chargeable with the negligence of his daughter as the driver of the automobile under section 59 (now § 388) of the Vehicle and Traffic Law, since he was an absentee owner and the automobile was not being used in his business. (*Mills* v. *Gabriel*, 284 N. Y. 755.) In submitting the case to the jury, the court did not distinguish between the husband's derivative cause of action and his independent cause of action as the owner of the automobile. No exception was taken by the plaintiffs' counsel but, since the error was a fundamental one, we take cognizance of it under our power to review the case in the interests of justice. (9 Carmody-Wait, New York Practice, pp. 570-571.) (Appeal from judgment of Monroe Trial Term for defendants for no cause of action as against both plaintiffs in an automobile negligence action. The order denied plaintiffs' motion for a directed verdict against Derleth and also for a new trial.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.